IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. |
| AMERICAN AIR LIQUIDE INC. | ) | |
| Defendant. | ) | **COMPLAINT** |

Plaintiff, the United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to the Spill Prevention Control and Countermeasure ("SPCC") Plan and permit provisions of the Clean Water Act ("CWA") § 311, 33 U.S.C. § 1321; the storm water regulations implemented under the CWA § 402, 33 U.S.C. § 1342; provisions regarding ozone-depleting substances of the Clean Air Act ("CAA") §§ 112, 603 and 608, 42 U.S.C. §§ 7412, 7671b and 7671d; the notification requirements of the Emergency Planning and Community Right-to-Know Act ("EPCRA") § 312, 42 U.S.C. § 11022; and the permit requirements of the Resource Conservation and Recovery Act ("RCRA") § 3004, 42 U.S.C. § 6924, which seeks assessment of civil penalties against American Air Liquide, Inc. ("Defendant") for its violations of certain provisions of the CWA, the CAA, EPCRA, and RCRA, at twenty-nine (29) of its facilities during the years 1999-2004.

1082688.2

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355; CWA § 311(b)(7)(E), 33 U.S.C. § 1321(b)(7)(E); CWA § 309(b), 33 U.S.C. § 1319(b), CAA § 113(b), 42 U.S.C. § 7413(b); EPCRA § 325(c)(4), 42 U.S.C. § 11045(c)(4); and RCRA § 3008(a), 42 U.S.C. § 6928(a).

3.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1395(a); CWA § 311(b)(7)(E), 33 U.S.C. § 1321(b)(7)(E); CWA § 309(b), 33 U.S.C. §1319(b); CAA § 113(b), 42 U.S.C. § 7413(b); EPCRA § 325(c)(4), 42 U.S.C. § 11045(c)(4); and RCRA § 3008(a), 42 U.S.C. § 6928(a).

4.  Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b); Section 3008(a)(2) of RCRA, 42 U.S.C. § 6928(a)(2); and Section 309(b) of the CWA, 33 U.S.C. § 1319(b), notice of the commencement of this action has been given to California, Tennessee, Arkansas, Indiana, Illinois, Pennsylvania, Virginia, and New York.

## PARTIES

5.  Plaintiff is the United States of America, acting on behalf of EPA.

6.  Defendant is American Air Liquide Inc., a holding company that ultimately owns Air Liquide Industrial U.S. LP, Air Liquide LI GP LLC, Air Liquide IC GP LLC, Air Liquide Large Industries U.S. LP, Air Liquide Healthcare America Corporation, Air Liquide America L.P., ALA GP LLC, ALIG LLC, CS LLC, and other Air Liquide subsidiaries and affiliates. Defendant is a corporation organized under the laws of the State of Delaware. Defendant's principal place of business is located in Houston, Texas.

7.  Defendant acquired indirect ownership of 109 facilities as a result of a transaction on May 6, 2004 in which Defendant's ultimate parent L'Air Liquide S.A. acquired the stock of another company. Defendant is a "person" within the meaning of CWA § 311(a)(7), 33 U.S.C. § 1321(a)(7); CAA § 302(e), 42 U.S.C. § 7602(e); EPCRA § 329(7), 42 U.S.C. § 11049(7); and RCRA § 1004(15), 42 U.S.C. § 6903(15).

1082688.2                                         - 2 -

## GENERAL ALLEGATIONS

## CLEAN WATER ACT - SPCC Plan

8.  Pursuant to CWA § 311(j)(1)(C), 33 U.S.C. § 1321(j)(1)(C), EPA promulgated SPCC Plan regulations, codified at 40 C.F.R. Part 112, which establish requirements for procedures, methods and equipment to prevent discharges of oil from onshore facilities into or upon the navigable waters of the United States or adjoining shorelines.

9.  The SPCC Plan regulations in 40 C.F.R. Part 112 are applicable to owners or operators of non-transportation related onshore facilities engaged in storing or consuming oil when the facility has an above-ground storage capacity of no less than 1320 gallons of oil or in a single container of more than 660 gallons of oil, and which, due to their location, could reasonably be expected to discharge oil in harmful quantities as defined in 40 C.F.R. Part 110.

10.  Under the SPCC Plan regulations, 40 C.F.R. § 112.3, the owner or operator of an onshore facility that has discharged or, due to its location, could reasonably be expected to discharge oil in harmful quantities into or upon the navigable waters of the United States or adjoining shorelines, must prepare a SPCC plan. The Plan must be in accordance with the requirements and guidelines set forth in the SPCC Plan regulations, 40 C.F.R. § 112.7.

11.  Under 40 C.F.R. §§ 112.3 - 112.7, and 117.8 , the owner or operator of an onshore facility that has discharged or, due to its location, could reasonably be expected to discharge oil in harmful quantities into or upon the navigable waters of the United States or adjoining shorelines, must install a secondary means of containment for bulk storage tank installations.

## CLEAN WATER ACT - STORM WATER

12.     The CWA requires parties who may discharge pollutants in storm water runoff associated with industrial activity to obtain a permit.  33 U.S.C. § 1342(p).

13.     On November 16, 1990, EPA published regulations which set forth the permit application requirements for storm water discharges.  55 Fed. Reg. 48,063 (Nov. 16, 1990).  These storm water regulations are codified at 40 C.F.R. § 122.26.

14.     The storm water regulations require any person subject to the permit to develop and implement a storm water pollution prevention plan ("SWPPP").  In general a SWPPP sets forth a plan for minimizing and eliminating to the extent feasible discharges of pollutants in storm water associated with industrial activity.

## CLEAN AIR ACT

15.  Subchapter VI of the CAA, 42 U.S.C. §§ 7671-7671q, implements the Montreal Protocol on Substances that Deplete the Ozone Layer, and mandates the elimination or control of emissions of substances known to or suspected of destroying the stratospheric ozone layer,  known as Class I and Class II ozone-depleting substances.

16.  Section 603 of the CAA, 42 U.S.C. § 7671b, requires the EPA Administrator to promulgate regulations establishing standards and requirements regarding the monitoring and reporting of the distribution of Class I and Class II refrigerants. Regulations implementing this requirement are published at 40 C.F.R. Part 82, Subpart A.

17.  Section 608 of the CAA, 42 U.S.C. § 7671g, requires the EPA Administrator to promulgate regulations establishing standards and requirements regarding the use and disposal of Class I and Class II refrigerants during the service, repair, or disposal of appliances and industrial process refrigeration.  Regulations implementing this requirement are published at 40 C.F.R. Part 82, Subpart F.

18.  "Appliance" as defined in 40 C.F.R. § 82.152, includes any device used for commercial purposes which contains and uses a Class I or Class II refrigerant.

19.  "Industrial process refrigeration" (IPR) is defined in 40 C.F.R. § 82.152 as complex customized appliances used in manufacturing industries.

20. Defendant owns and operates industrial process refrigeration ("IPR") equipment and appliances normally containing more than 50 pounds of refrigerants at its facilities listed in Appendix 3. At times relevant to this Complaint, Defendant employed Class I and Class II refrigerants in IPRs.

21. Accordingly, Defendant is subject to leak repair, record keeping and reporting requirements of 40 C.F.R. Part 82, Subpart F.

22. Section 112(b)(1) of the CAA, 42 U.S.C. § 7412(b)(1), sets forth a list of hazardous air pollutants. Asbestos is listed in Section 112(b)(1) of the CAA, 42 U.S.C. § 7412(b)(1).

23. Pursuant to Section 112(e) of the CAA, the Administrator of EPA determined that it is not feasible to prescribe or enforce "emission standards" for asbestos; accordingly, the Administrator promulgated "work practice" standards to regulate the emission of asbestos. These regulations, referred to herein as the "asbestos NESHAP," are codified at 40 C.F.R. Part 61, Subpart M.

24. Pursuant to 40 C.F.R. § 61.145(a), the owner or operator of a demolition or renovation activity, prior to the commencement of such demolition or renovation, must thoroughly inspect the facility for the presence of asbestos and to determine which requirements of 40 C.F.R. § 61.145 of the Asbestos NESHAP apply to the demolition or renovation. As an owner and operator of a demolition or renovation activity, Defendant was obligated to satisfy the inspection requirement of 40 C.F.R. § 61.145(a) and Section 112 of the CAA, 42 U.S.C. § 7412.

### EMERGENCY PLANNING AND COMMUNITY RIGHT-TO-KNOW ACT

25. Section 311(a)(1) of EPCRA, 42 U.S.C. § 11021(a)(1), and its implementing regulations found at 40 C.F.R. Part 370, requires the owner or operator of any facility, which is required to prepare or have available a material safety data sheet ("MSDS") for each hazardous chemical listed under the Occupational Safety and Health Act ("OSH Act") of 1970, 29 U.S.C. § 651 et. seq., and regulations promulgated under that Act, to submit the MSDS (or in the alternative a list of chemicals) to the Local

Emergency Planning Committee, the State Emergency Response Commission, and also the fire department with jurisdiction over the facility, by October 17, 1987, or within three months of first becoming subject to the requirements of EPCRA § 311(a)(1), 42 U.S.C. § 11021(a)(1).

26.    Section 312(a)(1) of EPCRA, 42 U.S.C. § 11022(a)(1), and the regulations found at 40 C.F.R. Part 370, require the owner or operator of a facility which is required to have a MSDS for a hazardous chemical under the OSH Act of 1970, 29 U.S.C. § 651 et. seq., and regulations promulgated under that Act, to prepare and submit an emergency and hazardous chemical inventory form (Tier I or Tier II, as described in 40 C.F.R. Part 370) containing the information required by those sections to the Local Emergency Planning Commission, State Emergency Response Commission, and also the fire department with jurisdiction over the facility, by March 1, 1988 (or March 1 of the first year after the facility first becomes subject to the requirements of EPCRA § 312(a)(1), 42 U.S.C. § 11022(a)(1)), and annually thereafter.

### RESOURCE CONSERVATION AND RECOVERY ACT

27.    Pursuant to Section 3005(a) of RCRA 42 U.S.C. § 6925(a), all owners or operators of a treatment, storage, or disposal facility must have a Hazardous Waste permit.

28.    Pursuant to 40 C.F.R. 262.34(b), "[a] generator who accumulates hazardous waste for more than 90 days is an operator of a storage facility and is subject to the requirements of 40 C.F.R. Parts 264 and 265 and permit requirements of Part 270."

### **FIRST CLAIM FOR RELIEF**

### (CWA - SPCC Plan Violations)

29.    Paragraphs 1 through 11 are realleged and incorporated herein by reference.

30.    At relevant times during the years 1999-2004, each of Defendant's twenty-three (23) facilities listed on Appendix 1 to this Complaint contained fuel storage

1082688.2                                    - 6 -

tanks, and was an onshore facility within the meaning of CWA § 311(a)(10), 33 U.S.C. § 1321(a)(10), and 40 C.F.R. Part 112.

31.    At relevant times, Defendant was the owner or operator, within the meaning of CWA § 311(a)(6)(B), 33 U.S.C. § 1321(a)(6)(B), of each of those twenty-three (23) onshore facilities.

32.    Defendant stored or consumed oil or oil products in amounts constituting "harmful quantities," within the meaning of 40 C.F.R. § 110.3, at its 23 facilities listed on Appendix 1.

33.    Pursuant to 40 C.F.R. § 112.3, Defendant was required to prepare a written SPCC Plan, in accordance with the requirements and guidelines set forth in 40 C.F.R. § 112.7, for each of its twenty-three (23) facilities listed on Appendix 1 within six months after such facility began operations.

34.    At relevant times during the years 1999-2004, Defendant failed to prepare and implement a SPCC Plan for its twenty-three (23) facilities listed on Appendix 1, in violation of 40 C.F.R. § 112.3 and CWA § 311(b)(7)(C), 33 U.S.C. § 1321(b)(7)(C).

35.    Pursuant to 40 C.F.R. § 112.3, Defendant was required to install a secondary containment system, in accordance with the requirements and guidelines set forth in 40 C.F.R. § 112.8, for each of its twenty-three (23) facilities listed on Appendix 1.

36.    At relevant times during the years 1999-2004, Defendant failed to install a secondary containment system for its twenty-three (23) facilities listed on Appendix 1, in violation of 40 C.F.R. § 112.8, CWA § 311(b)(7)(c) and 33 U.S.C. § 1321(b)(7)(c).

37.    Pursuant to CWA § 311(b)(7)(C), 33 U.S.C. § 1321(b)(7)(C), as amended by 28 U.S.C. § 2461 and 31 U.S.C. § 3701, for each of its violations of 40 C.F.R. § 112.3 and CWA § 311(b)(7)(C), 33 U.S.C. § 1321(b)(7)(C), at its twenty-three (23) facilities listed on Appendix 1, Defendant is subject to a civil penalty in an amount up to $27,500 per day of violation occurring on or before March 15, 2004, and up to $32,500 per day of violation occurring after March 15, 2004.

## SECOND CLAIM FOR RELIEF

### (CWA - Storm Water Violations)

38.   Paragraphs 1 through 7 and 12 through 14 are realleged and incorporated herein by reference.

39.   Pursuant to 40 C.F.R. §§ 122.21(c) & 122.26(c), Defendant should have applied for NPDES permit coverage before the discharge of any storm water associated with its industrial activity.  Defendant should have submitted a complete Notice of Intent ("NOI") to be covered under an NPDES permit for its activities at Sites prior to any discharges of storm water pursuant to 40 C.F.R. §§ 122.21(c) & 122.26(c).

40.   Defendant did not submit the required information to obtain coverage under an NPDES permit prior to the discharge of storm water associated with its industrial activity from at least the facilities listed on Appendix 2.

41.   Defendant's failure to submit the information required either for coverage under an NPDES permit for its discharges of storm water associated with industrial activity at the facilities listed on Appendix 2, within the time required by EPA's NPDES regulations, is a violation of CWA Section 308, 33 U.S.C. § 1318.

42.   Defendant failed to obtain a permit for storm water discharges at the facilities listed on Appendix 2, in violation of 33 U.S.C. §§ 1311(a), 1342, and 40 C.F.R. §§ 122.21(c) & 122.26(c).  Each storm water discharge without a permit was a violation of Sections 301(a) and 402(p) of the CWA, 33 U.S.C. §§ 1311(a), 1342(p).

43.   Pursuant to 33 U.S.C. § 1319, Defendant is liable for civil penalties of up to $27,500 per day for each such violation after January 31, 1997 through and including March 15, 2004 and $32,500 per day for each such violation thereafter per day per violation.

## THIRD CLAIM FOR RELIEF

### (CAA Violations)

44. Paragraphs 1 through 7 and 15 through 24 are realleged and incorporated herein by reference.

45. Defendant's facility in Houston, TX distributed Class I refrigerants and was subject to the requirements published at 40 C.F.R. Part 82, Subpart A.

46. Defendant failed to maintain complete records in violation of 40 C.F.R. Part 82, Subpart A at its Houston, TX facility by not maintaining complete records of customer certifications pursuant to 40 C.F.R. § 82.13 and by not submitting annual or quarterly reports regarding the distribution of Class I substances in violation of 40 C.F.R. §§ 82.13 and 82.24.

47. Defendant failed to comply with the leak repair, record keeping and reporting requirements of 40 C.F.R. Part 82, Subpart F at its facilities listed in Appendix 3.

48. During an inspection of facilities, investigators documented violations of the following specific regulations of 40 C.F.R. Part 82, Subpart F, which occurred in the time period 1999-2004;

- 40 C.F.R. § 82.154(g) and (m), which restrict the sale and distribution of Class I and Class II refrigerants, at Defendant's Fairless Hills facility in Morrisville, PA;

- 40 C.F.R. § 82.156(i)(3), which requires verification tests to confirm that leak rates are within allowable levels at the conclusion of repairs and again thirty days following repairs to appliances, at Defendant's facilities in Irwindale, CA, Mt. Vernon, IN, Reading, PA, Robinson, IL, San Antonio, TX, St. Mary's, PA, and West Point, VA;

- 40 C.F.R. § 82.166(k), which requires maintenance of servicing records documenting the date and type of service and quantity of refrigerant added to appliances that normally hold more than fifty pounds of refrigerant at Defendant's facilities in Irwindale, CA, Mt. Vernon, IN, Reading, PA, Robinson, IL, San Antonio, TX, St. Mary's, PA, and West Point, VA; and

• 40 C.F.R. § 82.166(n), which requires record keeping and reporting of all repair efforts and notification to EPA of the reason for the facility's inability to meet the leak rate standard within thirty days, and the dates, types, and results of all verification tests at Defendant's facilities in Irwindale, CA, Mt. Vernon, IN, Reading, PA, Robinson, IL, San Antonio, TX, St. Mary's, PA, and West Point, VA.

49.    In 2002, Defendant replaced ceiling tiles when conducting a renovation at its Utica facility in Marcy, NY. Defendant failed to determine whether the affected area contained asbestos, in violation of 40 C.F.R. § 61.145.

50.    The failure of Defendant to inspect that part of the facility where the renovation was to occur for the presence of asbestos, and to determine which requirements of 40 C.F.R. § 61.145 of the Asbestos NESHAP apply, was a violation of 40 C.F.R. § 61.145(a).

51.    In or about years 1999-2004, Defendant violated  Section 603 of the CAA, 42 U.S.C. § 76171b by violating 40 C.F.R. §§ 82.13 and 82.24; Section 608 of the CAA, 42 U.S.C. § 7671g, by violating the following specific regulations of 40 C.F.R. Part 82, Subpart F: 40 C.F.R. § 82.154(g) and (m), 40 C.F.R. § 82.156(i)(3), 40 C.F.R. § 82.166(n) and 40 C.F.R. § 82.166(k); and Section 165 of the CAA, 42 U.S.C. § 7475(a), by violating 40 C.F.R. § 61.145.

52.    These violations subject Defendant to civil penalties of up to $27,500 per day for each violation occurring before March 15, 2004, pursuant to Section 113(b) of the CAA, Pub. L. 104-134 and 61 Fed. Reg. 69369 (Dec. 31, 1996), and $32,500 per day for each violation occurring after March 15, 2004, pursuant to Section 113(b) of the CAA, Pub. L. 104-134 and 69 Fed. Reg. 7121 (Feb. 13, 2004).

## FOURTH CLAIM FOR RELIEF

### (EPCRA Violations)

53.    Paragraphs 1 through 7, 25, and 26 are realleged and incorporated herein by reference.

54.    At relevant times during the years 1999-2004, ammonia was present at Defendant's Blytheville facility in Amore, Arkansas; diesel fuel was present at Defendant's facility in Chattanooga, Tennessee; and sulfuric acid was one of many chemicals present at Defendant's facility in Vacaville, California.

55.    Each of Defendant's three (3) facilities listed in the preceding paragraph is a facility within the meaning of EPCRA § 329(4), 42 U.S.C. § 11049(4).

56.    Defendant is the owner or operator, within the meaning of EPCRA §§ 311(a)(1) and 312(a)(1), 42 U.S.C. §§ 11021(a)(1) and 11022(a)(1), of the three (3) facilities listed in paragraph 56.

57.    Sulfuric acid and ammonia are defined and listed as an "extremely hazardous substances" pursuant to EPCRA §§ 302(a)(2) and 329(3), 42 U.S.C. §§ 11002(a)(2) and 11049(3), 40 C.F.R. § 370.2, and 40 C.F.R. Part 355, Appendix A.

58.    Diesel fuel is defined as a "hazardous chemical" pursuant to EPCRA §§ 311(e) and 329(5), 42 U.S.C. §§ 11021(e) and 11049(3), and 40 C.F.R. § 370.2.

59.    Pursuant to 40 C.F.R. § 370.20, the reporting threshold amount for diesel fuel was ten thousand (10,000) pounds.

60.    Pursuant to 40 C.F.R. § 370.20, the reporting threshold amount for sulfuric acid and ammonia was five hundred (500) pounds or the threshold planning quantity ("TPQ") as defined in 40 C.F.R. Part 355, Appendix A, whichever is lower. The TPQ for sulfuric acid is one thousand (1,000) pounds, and therefore the reporting threshold for sulfuric acid was five hundred (500) pounds. The TPQ for ammonia is five hundred (500) pounds, and therefore the reporting threshold for ammonia was five hundred (500) pounds.

61.    At relevant times during the years 1994-99, for the Blytheville, Chattanooga and Vacaville facilities, Defendant failed to prepare and submit a complete emergency and hazardous chemical inventory form containing the required information to the Local Emergency Planning Committee, State Emergency Response Commission, and the fire department with jurisdiction over the facility, in violation of EPCRA § 312(a)(1), 42 U.S.C. § 11022(a)(1).

62.    Pursuant to EPCRA § 325(c)(1), 42 U.S.C. § 11045(c)(1), as amended by 28 U.S.C. § 2461 and 31 U.S.C. § 3701, for each of its violations of EPCRA § 312(a)(1), 42 U.S.C. § 11022(a)(1), at its Blytheville, Chattanooga and Vacaville facilities, Defendant is liable for a civil penalty in an amount up to $27,500 per day of violation occurring on or before March 15, 2004, and up to $32,500 per day of violation occurring after March 15, 2004.

## FIFTH CLAIM FOR RELIEF

### (RCRA Violation)

63.    The allegations in Paragraphs 1 through 7, 27, and 28 are realleged and incorporated herein by reference.

64.    Defendant stored hazardous waste for longer than 90 days at its Fairless Hills facility in Morrisville, Pennsylvania.

65.    Defendant failed to obtain a RCRA Hazardous Waste Permit, as required by 40 C.F.R. § 270.1, for the hazardous wastes stored, treated and/or disposed at its Fairless Hills facility in Morrisville, Pennsylvania.

66.    Defendant is liable for civil penalties pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), for failing to obtain a permit according to requirements of 40 C.F.R. § 270.1.  Each day of such violation constitutes a separate violation.  Section 3008(g) of RCRA, 42 U.S.C. § 6928(g).

1082688.2                                - 12 -

## PRAYER FOR RELIEF

WHEREFORE, The United States of America requests that this Court enter judgment in its favor as follows:

1. Pursuant to CWA §§ 309 and 311(b)(7)(C), 33 U.S.C. §§ 1319 and 1321(b)(7)(C), as amended by 28 U.S.C. § 2461 and 31 U.S.C. § 3701, impose upon Defendant a civil penalty, and enter judgment against Defendant and in favor of the United States, for each day of each violation of 40 C.F.R. §§ 112.3, 122.21, and 122.26 and CWA §§ 301(a), 402(p), and 311(b)(7)(C), 33 U.S.C. §§ 1311(a), 1342(p), and 1321(b)(7)(C), as set forth in the First and Second Claims for Relief alleged herein, in an amount up to $27,500 per day of violation occurring on or before March 15, 2004, and up to $32,500 per day of violation occurring after March 15, 2004;

2. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), impose upon Defendant a civil penalty, and enter judgment against Defendant in favor of the United States, for each day of each violation set forth in the Third Claim of Relief alleged herein, in an amount up to $27,500 per day for each violation occurring before March 15, 2004, and $32,500 per day for each violation occurring after March 15, 2004;

3. Pursuant to EPCRA § 325(c)(1), 42 U.S.C. § 11045(c)(1), as amended by 28 U.S.C. § 2461 and 31 U.S.C. § 3701, impose upon Defendant a civil penalty, and enter judgment against Defendant and in favor of the United States, for each day of each violation of EPCRA § 312(a)(1), 42 U.S.C. § 11022(a)(1), as set forth in the Fourth Claim for Relief alleged herein, in an amount up to $27,500 per day of violation occurring on or before March 15, 2004, and up to $32,500 per day of violation occurring after March 15, 2004;

4. Pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), impose upon Defendant a civil penalty, and enter judgment against Defendant and in favor of the United States, for each day of each violation of 40 C.F.R. § 270.1 and Section 3008(g) of RCRA, 42 U.S.C. § 6928(g), as set forth in the Fifth Claim for Relief alleged herein, in an amount

up to $27,500 per day of violation occurring on or before March 15, 2004, and up to

$32,500 per day of violation occurring after March 15, 2004.

     5.   Grant Plaintiff such further relief as is just and appropriate.


Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division


W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division


KATHERINE A. LOYD
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.   20044-7611
(202) 514-3143;   telefax: (202) 514-4180


Of Counsel:
CAROLINE B.C. HERMANN
Special Litigation and Projects Division (2248A)
Office of Civil Enforcement
United States Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

<u>United States of America v. American Air Liquide Inc.</u>, Complaint
*Appendix 1*
*Clean Water Act (SPCC Violations)*

| <u>Facility Name</u> | <u>Address</u> |
|---|---|
| Albany | 1297 Feura Bush Road<br>Feura Bush, NY 12067 |
| Ashland | 200 Armco Road West<br>Ashland, KY 41105 |
| Berkeley | 1454 Hagan Avenue<br>Huger, SC 29450 |
| Blytheville (Plant 6 Facility) | 4326 N. County Road 919<br>Amorel, AR 72310 |
| Chattanooga | 4531 N. Access Road<br>Chattanooga, TN 37415 |
| DeLisle | 7362 Kiln-Delisle Road<br>Pass Christian, MS 39571 |
| Hertford | 1505 River Road<br>Cofield, NC 27922 |
| Irwindale | 16125 Onelas Street<br>Irwindale, CA 91706 |
| Kalama | 185 East Wind Road<br>Kalama, WA 98625 |
| Mapleton | 7700 Weeler Road<br>Mapelton, IL 61547 |
| Middletown | Route 12, Main Gate<br>Middletown, OH 45042 |
| Mt. Vernon | 1101 Highway 69 South<br>Mt. Vernon, IN 47620 |
| New Johnsonville | 1 DuPont Road<br>New Johnsonville, TN 37134 |
| Norfolk | 2915 E. Nucor Road<br>Norfolk, NE 68702 |
| Reading | 2500 N. 11th Street<br>Reading, PA 19605 |
| Richmond | 5901 Jefferson Davis Highway<br>Richmond, VA 23234 |
| Rockport | 6500 U. US Highway 231<br>Rockport, IN 47635 |

United States of America v. American Air Liquide Inc., Complaint
*Appendix 1*
*Clean Water Act (SPCC Violations)*

| Facility Name | Address |
|---|---|
| San Antonio | 7999 MG Road<br>San Antonio, TX 78251 |
| St. Mary's | 203 W. Creek Road<br>St. Mary's, PA 15857 |
| Vacaville | 871 Eubanks Drive<br>Vacaville, CA 95688 |
| Wake Forest | 326 Forestville Road<br>Wake Forest, NC 27587 |
| Westlake | 2748 Houston River Road<br>Westlake, LA 70669 |
| West Point | 300 DuPont Street<br>West Point, VA 23181 |

United States of America v. American Air Liquide Inc., Complaint
## Appendix 2
## Clean Water Act (Stormwater Violations)

| Facility Name | Address |
|---|---|
| Blytheville (Plant 6 Facility) | 4326 N. County Road 919<br>Amorel, AR 72310 |
| Chattanooga | 4531 N. Access Road<br>Chattanooga, TN 37415 |
| Fairless Hills | 1 Steel Road East<br>Morrisville, PA 19067 |
| Irwindale | 16125 Onelas Street<br>Irwindale, CA 91706 |
| Mapleton | 7700 Wheeler Road<br>Mapelton, IL 61547 |
| Mt. Vernon | 1101 Highway 69 South<br>Mt. Vernon, IN 47620 |
| Reading | 2500 N. 11th Street<br>Reading, PA 19605 |
| Richmond | 5901 Jefferson Davis Highway<br>Richmond, VA 23234 |
| St. Mary's | 203 W. Creek Road<br>St. Mary's, PA 15857 |
| Syracuse | 4560 Morgan Place<br>Liverpool, NY 13090 |
| Utica | 9432 State Route 49<br>Marcy, NY 13403 |
| Vacaville | 971 Eubanks Drive<br>Vacaville, CA 95688 |
| Wake Forest | 326 Forestville Road<br>Wake Forest, NC 27587 |
| Westlake | 2745 Houston River Road<br>Westlake, LA 70669 |
| Waxahachie | 3860 N. I-35 East<br>Waxahachie, TX 75165 |

<u>United States of America v. American Air Liquide Inc.</u>, Complaint
***Appendix 3***
***Clean Air Act Violations***

| Facility Name | Address |
|---|---|
| Fairless Hills | 1 Steel Road East<br>Morrisville, PA 19067 |
| Houston | 8428 Market Street Road<br>Houston, TX 77029 |
| Irwindale | 16125 Onelas Street<br>Irwindale, CA 91706 |
| Mt. Vernon | 1101 Highway 69 South<br>Mt. Vernon, IN 47620 |
| Reading | 2500 N. 11th Street<br>Reading, PA 19605 |
| Robinson | 400 S. Marathon Avenue<br>Robinson, IL 62454 |
| San Antonio | 7999 MG Road<br>San Antonio, TX 78251 |
| St. Mary's | 203 W. Creek Road<br>St. Mary's, PA 15857 |
| Utica | 9432 State Route 49<br>Marcy, NY 13403 |
| West Point | 300 DuPont Street<br>West Point, VA 23181 |

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America, on behalf of EPA | American Air Liquide Inc. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Katherine A. Loyd, Trial Attorney<br>U.S. DOJ/ENRD/Environmental Enforcement<br>Section, P.O. Box 7611, Washington, DC<br>20044-7611  (202)514-3143 | Timothy Wilkins, Bracewell & Guiliani, LLP,<br>111 Congress Ave., Suite 2300<br>Austin, Texas 78701-4061 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

(●) 1 U.S. Government Plaintiff

( ) 2 U.S. Government Defendant

( ) 3 Federal Question (U.S. Government Not a Party)

( ) 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ( ) 1 | ( ) 1 | Incorporated or Principal Place of Business in This State | ( ) 4 | ( ) 4 |
| Citizen of Another State | ( ) 2 | ( ) 2 | Incorporated and Principal Place of Business in Another State | ( ) 5 | ( ) 5 |
| Citizen or Subject of a Foreign Country | ( ) 3 | ( ) 3 | Foreign Nation | ( ) 6 | ( ) 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| (●) A. Antitrust | ( ) B. Personal Injury/ Malpractice | ( ) C. Administrative Agency Review | ( ) D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| [ ] 410 Antitrust | [ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Medical Malpractice<br>[ ] 365 Product Liability<br>[ ] 368 Asbestos Product Liability | [ ] 151 Medicare Act<br><br>**Social Security:**<br>[ ] 861 HIA ((1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g)<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)<br>**Other Statutes**<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[x] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ( ) E. General Civil (Other)      OR      ( ) F. Pro Se General Civil | | | |
|---|---|---|---|
| **Real Property**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent, Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property<br><br>**Personal Property**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | **Bankruptcy**<br>[ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br><br>**Property Rights**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark<br><br>**Federal Tax Suits**<br>[ ] 870 Taxes (US plaintiff or defendant<br>[ ] 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>[ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 RR & Truck<br>[ ] 650 Airline Regs<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other<br><br>**Other Statutes**<br>[ ] 400 State Reapportionment<br>[ ] 430 Banks & Banking<br>[ ] 450 Commerce/ICC Rates/etc.<br>[ ] 460 Deportation | [ ] 470 Racketeer Influenced & Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Satellite TV<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[ ] 900 Appeal of fee determination under equal access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Environmental Enforcement Action pursuant to Clean Water Act, Clean Air Act, Resource Conservation and Recovery Act, etc.

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ [_____]  Check YES only if demanded in compl

JURY DEMAND:  YES ☐  NO ☒

## VIII. RELATED CASE(S) IF ANY

(See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 1/31/2008    SIGNATURE OF ATTORNEY OF RECORD _~Robert Lloyd~_

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.