IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>      Plaintiff,        )<br>)<br>v.                                  )<br>)<br>AMERICAN AIR LIQUIDE INC.,  )<br>)<br>      Defendant      )<br>_____)  | Civ. No.      08-cv-00192-JDB<br><br>**FILED**<br>FEB 0 5 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

<u>CONSENT DECREE</u>

I.   **BACKGROUND**

A.   Whereas, Plaintiff, the United States of America ("the United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), simultaneously with the lodging of this Consent Decree, filed a Complaint seeking the assessment of civil penalties pursuant to the Spill Prevention Control and Countermeasure ("SPCC") plan and permit provisions of the Clean Water Act ("CWA") § 311, 33 U.S.C. § 1321; the storm water regulations implemented under the CWA § 402, 33 U.S.C. § 1342; the Stratospheric Ozone Protection provisions of the Clean Air Act ("CAA") §§ 603 and 605, 42 U.S.C. §§ 7671(b) and 7671(d); the notification requirements of the Emergency Planning and Community Right-to-Know Act ("EPCRA") § 312, 42 U.S.C. § 11022; and the permit requirements of the Resource Conservation and Recovery Act ("RCRA") § 3004, 42 U.S.C. § 6924, alleging that American Air Liquide Inc. ("Defendant") violated certain provisions of the CWA, the CAA, EPCRA, and RCRA;

B.      Whereas American Air Liquide Inc., a holding company that ultimately owns Air Liquide America L.P., Air Liquide Industrial U.S. LP, Air Liquide Large Industries U.S. LP, and other Air Liquide subsidiaries and affiliates approached EPA in March 2004 about conducting a self-audit program for its newly acquired facilities, and Defendant performed a systematic audit of such facilities;

C.      Whereas Defendant acquired indirect ownership of 109 facilities (the "Subject Facilities") as a result of a transaction on May 6, 2004 in which Defendant's ultimate parent L'Air Liquide S.A. acquired the stock of another company;

D.      Whereas, EPA recognizes the critical role of environmental auditing by acquiring owners in protecting human health and the environment by identifying, correcting, and ultimately preventing violations at newly acquired facilities;

E.      Whereas, pursuant to EPA's Incentives for Self-Policing: Discovery, Disclosure, Correction, and Prevention of Violations, 65 Fed. Reg. 19618 (Apr. 11, 2000, hereinafter referred to as "EPA's Audit Policy"), Defendant notified EPA on July 8, 2004, that it had conducted a systematic audit of compliance with the requirements of the CWA, the CAA, EPCRA, RCRA, the Oil Pollution Act, the Toxic Substances Control Act, the Comprehensive Environmental Response, Compensation, and Liability Act, and the regulations EPA has promulgated pursuant to those statutes, at the Subject Facilities and would voluntarily disclose to EPA certain violations that it had found;

F.      Whereas, Defendant conducted that comprehensive audit and disclosed to EPA potential violations at 29 of the 109 Subject Facilities, occurring between the years 1999-2004, of: (1) the SPCC plan and permit regulations under the CWA § 311, 33 U.S.C. § 1321(j); (2) the storm

water regulations implemented under the CWA § 402, 33 U.S.C. § 1342; (3) the CAA §§ 603 and 605, 42 U.S.C. §§ 7671b and 7671(d); (4) the notification requirements of EPCRA § 312, 42 U.S.C. § 11022; and (6) the permit requirements of RCRA § 3004, 42 U.S.C. § 6924;

G.   Whereas, EPA has determined based on Defendant's certification that the violations identified by American Air Liquide Inc. have met the conditions of EPA's Audit Policy and are appropriate for resolution in accordance with the Policy;

H.   Whereas, the United States and Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, without the admission of liability or any adjudication on any issue of fact or law, and upon the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.   JURISDICTION AND VENUE

1.   This Court has jurisdiction over the subject matter of this action and over Defendant pursuant to 28 U.S.C. §§ 1331, 1345, and 1355; CWA § 311(b)(7)(E), 33 U.S.C. § 1321(b)(7)(E); CWA § 309(b), 33 U.S.C. § 1319(b); CAA § 113(b), 42 U.S.C. § 7413(b); EPCRA § 325(c)(4), 42 U.S.C. § 11045(c)(4); and RCRA § 3008(a), 42 U.S.C. § 6928(a).

2.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1395(a); CWA § 311(b)(7)(E), 33 U.S.C. § 1321(b)(7)(E); CWA § 309, 33 U.S.C. 1319(b); CAA § 113(b), 42 U.S.C. § 7413(b); EPCRA § 325(c), 42 U.S.C. § 11045(c); and RCRA § 3008(a), 42 U.S.C. § 6928(a).

3.  Only for purposes of this Consent Decree, Defendant agrees that the Complaint states a claim upon which relief may be granted.

### III. PARTIES BOUND

4.  This Consent Decree is binding on the United States and Defendant and Defendant's officers, directors, agents, successors, transferees, grantees and assigns. Any change in ownership or corporate or other legal status of Defendant, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Defendant under this Consent Decree.

### IV. DEFINITIONS

5.  Unless otherwise expressly provided in this Consent Decree, any terms used in this Consent Decree that are defined in the CWA, the CAA, EPCRA, or RCRA or in regulations promulgated thereunder shall have the meaning assigned to them in the CWA, the CAA, EPCRA, or RCRA or those regulations. Whenever the terms listed below are used in this Consent Decree, the following definitions shall apply:

   a.  "Consent Decree" or "Decree" shall mean this Consent Decree;

   b.  "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day;

   c.  "Defendant" shall mean American Air Liquide Inc.;

   d.  "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities;

   e.  "Parties" shall mean the United States and Defendant;

   f.  "Plaintiff" shall mean the United States;

g. "Subject Violations" shall mean the civil violations which are described in Paragraph I.A of this Consent Decree and which are alleged in the Claims in the United States' Complaint;

h. "Subject Facilities" shall mean the 109 facilities Defendant acquired as a result of a transaction on May 6, 2004 in which Defendant's ultimate parent L'Air Liquide S.A. acquired the stock of another company as identified in an attachment to the complaint;

i. "United States" shall mean the United States of America on behalf of EPA.

## V. PAYMENT OF CIVIL PENALTIES

6. Within thirty (30) days after entry of this Consent Decree, Defendant or its designee shall pay to the United States a civil penalty totaling THREE HUNDRED EIGHTY-THREE THOUSAND FIVE HUNDRED AND ONE dollars ($383,501), in accordance with current EFT procedures and instructions provided to Defendant by the Office of the United States Attorney for the District of Columbia. The payment shall reference the Civil Action Number assigned to this case and DOJ number 90-5-1-1-08842, and shall specify that TWO HUNDRED EIGHTY-SIX THOUSAND FOUR HUNDRED SIXTY-SEVEN dollars ($286,467) of the payment is made toward CWA SPCC penalties to be deposited into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s), § 4304 of Pub. L. No. 101-380, and 26 U.S.C. § 9509(b)(8). The remaining penalty amount of NINETY SEVEN THOUSAND THIRTY-FOUR dollars ($97,034) will be deposited into the U.S. Treasury toward the CAA, EPCRA, CWA NPDES/Stormwater and RCRA penalties. Any funds received after 11:00 a.m. Eastern Time shall be credited on the next business day. Defendant shall submit to the United States, as provided in Section IX of this Consent Decree

(Notices and Submissions), notice of payment made pursuant to this Paragraph within 10 Days of the date of the payment.

### VI. DEFENDANT'S CERTIFICATIONS

7. Defendant certifies and warrants as true each of the factual assertions set forth in the following Paragraphs 7(a) through 7(j), regarding the Subject Violations:

    a. Defendant discovered the Subject Violations through an environmental audit or through a compliance management system reflecting its due diligence;

    b. Defendant discovered the Subject Violations voluntarily and not through a requirement prescribed by statute, regulation, permit, judicial or administrative order, or consent agreement;

    c. Defendant promptly disclosed the Subject Violations to EPA in writing;

    d. Defendant disclosed the Subject Violations to EPA prior to the commencement of a federal, state, or local inspection or investigation, notice of a citizen suit, filing of a complaint by a third party, reporting of the Subject Violations to EPA (or other government agency) by a "whistle blower" employee, or imminent discovery by a regulatory agency;

    e. The Subject Violations have been corrected and, to the best of Defendant's knowledge and belief, the Subject Facilities owned by Defendant comply with CWA § 311(j), 33 U.S.C. § 1321(j); CWA § 402, 33 U.S.C. § 1342; the CAA § 603, 42 U.S.C. § 7671b; the CAA § 605, 42 U.S.C. § 7671d; EPCRA § 312, 42 U.S.C. § 11022; and RCRA § 3004, 42 U.S.C. § 6924, and the implementing regulations thereof;

    f. Appropriate steps have been taken to prevent a recurrence of the Subject Violations at the Subject Facilities;

g. Defendant has not received notice from the government or a third party of any violations of the SPCC plan and permit regulations under the CWA, 33 U.S.C. § 1321(j); the storm water regulations implemented under the CWA, 40 CFR §§ 122.26, 122.44; the CAA §§ 165, 501, 603, 605, 42 U.S.C. §§ 7475, 7661, 7671; the notification requirements of EPCRA, 42 U.S.C. § 11022(a); the permit requirements of RCRA, 42 U.S.C. § 6924, or closely related violations (other than the Subject Violations), for the three years prior to the date of discovery of the Subject Violations at the same Subject Facilities, or for five years prior to the date of discovery of the Subject Violations as part of a pattern of violations at one or more of the Subject Facilities, and Defendants are not aware of any such notices having been received during those time frames by the entities that owned the Subject Facilities prior to their acquisition by Defendants;

h. The Subject Violations did not result in serious actual harm or present an imminent and substantial endangerment to human health or the environment, or violate the specific terms of any judicial or administrative order, or consent agreement;

i. Defendant cooperated as requested by EPA and provided information necessary and requested by EPA to determine applicability of the Audit Policy; and

j. Defendant acquired ownership of the Subject Facilities through an arms-length transaction.

8. The United States' agreement to the terms of this Consent Decree is expressly conditioned on the completeness, accuracy, and truth of Defendant's Certifications set forth in subparagraphs 7(a) through 7(j) of this Consent Decree. In the event that Defendant has made any statements or assertions in any of subparagraphs 7(a) through 7(j) of this Consent Decree which are false in any material respect:

        a.     This Consent Decree shall be null and void, except that any civil penalty or stipulated penalty payments already made by Defendant or its designee under this Consent Decree shall be forfeited; and

        b.     The United States may pursue all civil and criminal remedies and sanctions available to it under law on account of Defendant's violations, including criminal prosecution for perjury or false swearing.

## VII.   VIOLATION OF CONSENT DECREE

9.     Stipulated Penalties for Late Payments: If Defendant's payment of civil penalties required by Paragraph 6 of this Consent Decree is not received in full by the United States when due:, then for each day that Defendant's payment required by Paragraph 6 of this Consent Decree is not timely received by the United States, Defendant or its designee shall pay to the United States a stipulated penalty of $1,000 per day from the date that such payment was due through the date of full payment of the unpaid balance.

10.     All stipulated penalties owed by Defendant under Section VII of this Consent Decree shall begin to accrue on the day after full payment is due, and shall continue to accrue until full payment is received by the United States. Stipulated penalties shall accrue even if the United States has not made a written demand for payment of such penalties. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11.     Defendant's payment of stipulated penalties owed to the United States under Paragraph 9 of this Consent Decree shall be made by FedWire EFT to the U.S. Department of Justice lockbox bank in accordance with instructions provided by the United States to Defendant upon execution of the Consent Decree, and shall reference the USAO File Number and DOJ Case

Number 90-5-1-1-08842. Any such EFT received at that lockbox bank after 11:00 a.m. (Eastern Time) will be credited on the following business day.

12. Concurrently with its payment of any stipulated penalties under this Consent Decree, Defendant shall send notice of such payment to the United States pursuant to Section IX of this Consent Decree (Notices and Submissions).

13. Any payment of stipulated penalties by Defendant shall be in addition to any other remedies or sanctions available to the United States by virtue of Defendant's failure to comply with any requirements of this Consent Decree.

## VIII. GENERAL PROVISIONS

14. This Consent Decree shall be considered an enforceable judgment for purposes of post-judgment collection in accordance with Rule 69 of the Federal Rules of Civil Procedure, and other applicable federal authority.

15. This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree, and the Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

16. This Consent Decree resolves the civil claims of the United States for the violations alleged in the Complaint filed in this action as to the Defendant and as to Air Liquide Industrial U.S. LP, Air Liquide LI GP LLC, Air Liquide IC GP LLC, Air Liquide Large Industries U.S. LP, Air Liquide Healthcare America Corporation, Air Liquide America L.P., ALA GP LLC, ALIG LLC, and CS LLC through the date of lodging. Nothing in this Consent Decree is intended or shall be construed as a waiver by the United States of any criminal liability.

17. This Consent Decree in no way affects or relieves Defendant of its responsibility to comply with all applicable federal, state and local laws, regulations and permits. Defendant agrees that it will not assert in any federal, state or local criminal, civil or administrative proceeding, hearing, or other permitting, licensing or procedural matter, that its compliance with this Consent Decree is a defense in law or equity to any civil or criminal action commenced pursuant to any such federal, state or local law, regulation or permit, except to demonstrate resolution of the Subject Violations as and to the extent specified in Paragraph 17 hereof.

18. The United States retains the right to seek to enforce the terms of this Consent Decree, and to take any action authorized by federal or state law not inconsistent with the terms of this Consent Decree to achieve or maintain Defendant's compliance with the terms and conditions of this Consent Decree.

19. This Consent Decree does not limit or affect the rights of the Parties against any third party that is not party to this Consent Decree. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party that is not party to this Consent Decree.

## IX. NOTICES AND SUBMISSIONS

20. Notice of Defendant's payments of civil penalties or stipulated penalties and any other notices required by this Consent Decree shall be given to each of the following persons at the specified addresses. However, if any person listed below or his successor informs the other Party in writing that notice under this Section IX should be given to a different person and/or sent to a different address, the other Party shall send its notices accordingly.

FOR THE UNITED STATES

Chief, Environmental Enforcement Section
DOJ Case Number 90-5-1-1-08842
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

Director, Special Litigation and Projects Division (2248A)
Attn: American Air Liquide Consent Decree
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Ariel Rios Building, Room 3118
Washington, D.C. 20460

FOR DEFENDANT

Timothy A. Wilkins, Esq.
Bracewell & Giuliani, LLP
111 Congress Ave., Ste. 2300
Austin, Texas 78701

## X.   COSTS OF SUIT

21.   Each Party in this action shall bear its own costs, including attorney's fees, except that if the United States brings an action or proceeding to enforce any terms or requirements of this Consent Decree and the Court determines that Defendant has violated this Consent Decree, Defendant shall reimburse the United States for all costs of such action or proceeding, including but not limited to the costs of attorney time.

## XI.   ENTRY OF CONSENT DECREE

22.   Defendant consents to the entry of this Consent Decree without further notice.

23.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of this Consent Decree may not be used as evidence in any litigation between the Parties.

## XII.   RETENTION OF JURISDICTION

24.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIII.   EFFECTIVE DATE

25.     The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XIV.   TERMINATION OF CONSENT DECREE

26.     Upon payment of all civil penalties as required by Paragraph 6 and upon Defendant's payment of any accrued Interest and any stipulated penalties owed under Section VII of this Consent Decree, Defendant may file with the Court and serve upon the United States a "Motion for Termination of Consent Decree" ("Motion"). The United States will have the right to oppose Defendant's Motion and to seek an extension of the Decree. If the United States opposes termination of the Consent Decree, Defendant will have the burden of proof that Defendant has satisfactorily complied with the requirements of the Consent Decree and that all other requisite conditions for termination of the Consent Decree have been satisfied.

## XV.   SIGNATORIES/SERVICE

27.     Each undersigned representative of Defendant to this Consent Decree, and the Deputy Chief, Environmental Enforcement Section, Environment and Natural Resources Division, United States Department of Justice, as representative of the United States, certifies that he or she is

authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

SO ORDERED THIS __5th__ DAY OF __February__, 2008.

_____
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States of America v. American Air Liquide Inc.</u>

<u>FOR THE UNITED STATES OF AMERICA</u>

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_____
W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division

_____
KATHERINE A. LOYD
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-3143; telefax: (202) 514-4180

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States of America v. American Air Liquide Inc.</u>

DATE: 1/21/2008

_____
GRANTA Y. NAKAYAMA
Assistant Administrator
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460


Of Counsel:   CAROLINE B.C. HERMANN
              Special Litigation and Projects Division (2248A)
              Office of Civil Enforcement
              United States Environmental Protection Agency
              1200 Pennsylvania Ave., N.W.
              Washington, D.C. 20460

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States of America v. American Air Liquide Inc.</u>

<u>FOR DEFENDANT AMERICAN AIR LIQUIDE INC.</u>

DATE: 1-4-08

_____   SKP
Gregory Alexander, Vice President and Treasurer
American Air Liquide Inc.                         KJ